IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Davonn A.W. Bassette, Sr., <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )     1:21cv1264 (TSE/TCB) |
| Corizon Health, *et al.*, <br>     Defendants. | ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

Davonn A.W. Bassette, Sr., a Virginia detainee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Riverside Regional Jail. [Dkt. No. 1]. On January 12, 2022, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, noted deficiencies, and granted plaintiff leave to file an amended complaint to cure the deficiencies.[Dkt. No. 7]. Plaintiff filed his amended complaint on February 11, 2022. [Dkt. No. 9]. Because plaintiff is a prisoner, the Court must again screen his amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.[1]

I.

The amended complaint lists Nurses Hurd and Hood as defendants and he alleges that the

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

defendants failed to provide him with medical attention and "falsified" when he was provided medical attention. [Dkt. No. 9 at 4]. Plaintiff admits he had dental work performed on September 10, 2021, which involved the removal of his wisdom teeth, that he was housed in the medical unit on September 11, 2021, and then released. [Dkt. Nos. 9 at 4; 9-1]. Thereafter, Plaintiff submitted a sick call slip complaining about stomach issues and pain, and that he had not been given his pain medication and antibiotics. [Dkt. No. 9 at 4].

Plaintiff filed an informal complaint three days later on September 14, 2021 stating he had not been provided with the "pain meds," mouthwash, or antibiotics as ordered by the dentist. [Id.]. Plaintiff's exhibit states the mouthwash and stomach medicine were not ordered until September 21, 2021 and that other medications were ordered on September 15, 2021. [Id. at 5].[2]

Plaintiff filed a second informal complaint on September 16, 2021 stating he was being denied medical attention for stomach pain, dehydration, and diarrhea. [Dkt. Nos. 9 at 5; 9-2]. His informal complaint states he was given antibiotics on September 14, 2021. [Dkt. No. 9-2]. Plaintiff filed a third informal complaint on September 19, 2021, complaining about incontinence issues and his stomach. Plaintiff admits he was seen by a provider on September 20, 2021 and a Nurse Practioner on September 22, 2021. [Dkt. Nos. 9-2, 9-3]. Plaintiff admits that "bloodwork, urine, and x-rays" were ordered on September 20, 2021 [Dkt. No. 9 at 5], and that the Nurse Practitioner reviewed his "lab work" with him on September 22, 2021. [Dkt. Nos. 9 at 3; 9-3].

---

[2] The bar coded "stickers" for each of the four medications ordered (ibuprofen, penicillin, chlorohexidine gluconate, and omeprazole) indicate that the ibuprofen and penicillin were ordered on September 15, 2021, but the other two medications were not ordered until September 21, 2021. "Omeprazole is a proton pump inhibitor that decreases the amount of acid produced in the stomach [and] is used to treat symptoms of gastroesophageal reflux disease (GERD) and other conditions caused by excess stomach acid." See https://www.drugs.com/omeprazole.html (last viewed on May 5, 2022). Chlorhexidine gluconate is a germicidal mouthwash that reduces bacteria in the mouth that has many uses, which include treating bleeding or swollen gums. See https://www.drugs.com/mtm/chlorhexidine-gluconate-oral-rinse.html (last viewed May 5, 2022).

2

Plaintiff alleges that Nurse Hood falsified the treatment he was given in her responses to the first and second informal complaints. The "falsity" is apparently that the medications had been ordered and that he had been provided treatment. Nurse Hood responded to both informal complaints on September 20, 2021. At that time, plaintiff admits two his medications had been ordered, but asserts the statement in the response that the "antibiotics and mouthwash ordered" is false because the two medications were not ordered until September 15, 2021, as evidenced by the stickers which were dated September 15, 2021. [Dkt. No. 9-1]. Plaintiff also asserts that the statement that he was seen by a provider on September 20, 2021 in the response to his second informal complaint is false [Dkt. No. 9 at 5], but he admits he was seen by a provider on September 20, 2021. [Dkt. Nos. 1 at 4; 9 at 5].[3]

Nurse Hurd is mentioned once. Plaintiff alleges that he asked Sgt. Holland for assistance on September 14, 2021 and that Sgt. Holland called Nurse Hurd. Plaintiff alleges that Nurse Hurd replied to Sgt. Holland, "Tell him [to] keep his hands out of his mouth." [Dkt. No. 9 at 4]. Plaintiff alleges this statement establishes Nurse Hurd was deliberately indifferent to his medical needs.

---

[3] Based on the September 15, 2021 sticker on the antibiotics, Nurse Hood's statement in her September 20, 2021 response that the antibiotics had been ordered was true. Further, the September 21, 2021 sticker on the mouthwash, does not establish that it had not been ordered prior to Nurse Hood's September 20, 2021 response. Nurse Hood's response uses nearly identical language to that plaintiff used in his amended complaint with respect to his sick call request, which plaintiff made prior to submitting any of his informal complaints. Plaintiff stated that his sick call request was to "alert" the medical personnel that he did not have the "pain meds and antibiotics *ordered* by the doctor." [Dkt. No. 9 at 4] (emphasis added). Nurse Hood's use of the word "ordered" may have been a simple reference to the providers prior order, just as plaintiff used the word "ordered" in his amended complaint. Nurse Hood's statement that the medications had been ordered in the September 20, 2021 response is also consistent with plaintiff's allegation in his complaint that a Nurse Hennessey had informed him during a nighttime pill call on September 14, 2021 that his "meds ha[d] been ordered." [Dkt. No. 1 at 4].

In any event, a minor discrepancy of less than 24 hours in a date is not material. In this context, materiality is evaluated in reference to the plaintiff receiving treatment and his medications. Plaintiff was seen on September 20, 2021, the date Nurse Hood responded to the first and second informal complaints. In short the alleged falsity had no effect on plaintiff receiving the medical attention he desired. He was tested, two days later a Nurse Practitioner went over his test results with him, and by then he admits he had all of his medications. Moreover, Nurse Hood did not have any involvement until after plaintiff had already been seen by a provider on September 20, 2021 and the tests had already been ordered. [Dkt. Nos. 1 at 4; 9 at 5].

## II.

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992). (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## III.

The amended complaint alleges an Eighth Amendment claim for lack of medical care, which requires that the plaintiff allege facts sufficient to show that each defendant was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Plaintiff must allege a sufficiently serious medical need, and that the serious medical need is one that posed a substantial risk of serious injury to plaintiff's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate

4

indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106. A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Id. at 851-52. Further, deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle, 429 U.S. at 106). Here, plaintiff cannot establish the substantial harm he must prove to establish his Eight Amendment claim and he cannot show causation with regard to either defendant.

*A. Substantial Harm*

While delay of, or interference with, medical treatment can amount to deliberate indifference, see Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "*marked*" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." See Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); see also Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an

5

inmate's pain." (internal quotation marks omitted)).

Formica, 739 F. App'x at 755. Substantial harm may also be "a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Corr. Inst. Inmate v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). "[T]he length of delay that is tolerable depends on the seriousness of the condition and *the ease of providing treatment*." Id. at 758 (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)) (emphasis added). The issue of delay and a resulting harm were noted in the prior screening order, plaintiff was given the opportunity to address the issue, and his amended complaint (while clearer) does not allege any substantial harm resulted.

The Fourth Circuit has recently commented on delay in the in the context of the provision of medical services to inmates and observed that "[n]ot all medical delays" constitute deliberate indifference and "[i]t would be wrong to turn the everyday inconveniences and frictions associated with seeking medical care into constitutional violations whenever they occur within the prison walls." Moskos v. Hardee, 24 F.4d 289, ___, 2022 U.S. App. LEXIS 1711, *17 (4th Cir. 2022). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Id. (emphasis added). Moskos held that in "circumstances ... involving a short delay ..., without any aggravating factors such as a serious medical reaction, courts have consistently found that the objective prong is not satisfied." Id. at 18 (citations omitted).

Here, the amended complaint admits plaintiff was provided with medical treatment on September 20 and 22, 2021, and his exhibit indicates he saw a dentist on September 14, 2021 as well — the day before two of his four medications were ordered. It is evident that the medical personnel at the jail were responding to plaintiff's medical complaints. Plaintiff complained about the medications the dentist prescribed sometime on or after September 11, 2021 when he was discharged from the medical unit and he was seen by the dentist within three days on September 14, 2021. The amended complaint also admits that two of the medications were ordered by September 15, 2021, and the stickers for the other two medications indicate they were ordered by September 21, 2021. Nurse Hood received the first two informal complaints on September 20, 2021, in which Plaintiff complained about the lack of medication and stomach and incontinence issues. Plaintiff was seen by a provider that same day, and various laboratory tests were performed on blood and urine, x-rays were taken. Two days later, on September 22, 2021, a Nurse Practitioner went over the results of the tests with plaintiff. Accordingly, plaintiff has not alleged substantial harm and he fails to state a claim under the Eighth Amendment.

### B. Causation

"[C]onstitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (citations omitted); Mann v. Taser Intl, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009) (in addition to alleging a defendant's deliberate indifference to his medical needs, plaintiff must also prove causation between that indifference and his injuries). In addition, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42,

48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. De'Lonta v. Fulmore, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010).

The amended complaint lacks any factual basis to establish that either of the named defendants were deliberately indifferent to plaintiff's medical needs or were responsible for his treatment. Defendant Hood's name does not emerge in plaintiff's timeline until September 20, 2021 when she responded to the first two informal complaints. Plaintiff admits he was seen by a medical provider on September 20, 2021. Nurse Hood's alleged false statements in the September 20, 2021 responses could not have resulted in any delay in treatment to plaintiff because he admits he was seen by a provider that same day. [Dkt. Nos. 1 at 4; 9 at 5]. The Seventh Circuit has rejected the premise of plaintiff's argument

> that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself.... is not correct. Only persons who cause or participate in the violations are responsible. See Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996). Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-610 (7th Cir. 2007); see Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a prison official's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability."); see, e.g., see also Graham v. Aponte, No. 1:08cv308, 2009 U.S. Dist. LEXIS 7309, *13 & n.4 (E.D. Va. Feb. 2, 2009) (finding no deliberate indifference on part of defendant whose only involvement was responding to plaintiff's request

8

for administrative remedy); Gupton v. Wright, No. 7:15cv214, 2016 U.S. Dist. LEXIS 14730, *9 (W.D. Va. Feb. 8. 2016) (opining that § 1983 claims "concern[ing] nothing more than the responses" individual defendants "made to [plaintiff's] grievances and appeals ... do not implicate any constitutionally protected right"). The allegations against Nurse Hood show nothing more than that she responded to informal complaints, and that plaintiff was seen by a provider the same day.

The allegations against Nurse Hurd also fail to link Nurse Hurd to any act or omission related to the provision of medical care. Nurse Hurd is alleged to have made a sarcastic retort on September 14, 2021, but plaintiff admits he was seen on September 14, 2021 by a dentist, and that he was seen twice more within eight days and had several tests and an x-ray. Not only was he receiving medical attention, but there is no allegation that Nurse Hurd either failed to provide medical care or delayed any of the medical care provided. Finally, as noted, plaintiff has not alleged that any delay resulted in any substantial harm.

Accordingly, it is hereby

ORDERED that this civil action be and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[4] this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions; and it is further

---

[4] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.; and it is further

ORDERED that plaintiff's motion to proceed in forma pauperis [Dkt. No. 8] be DENIED as MOOT.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order to plaintiff dismissing this civil action without prejudice, and to close this civil action.

Entered this 11th day of May, 2022.

Alexandria, Virginia

_____
The Honorable T.S. Ellis, III
Senior United States District Judge